VIRGINIA N. TAYLOR, as Executrix, &c., Respondent, v. THOMAS L. WING, Appellant, Impleaded with ROBERT M. FERRIS and others.

*Mortgage—effect of an agreement by the owner of a prior mortgage, that a subsequent one shall prevail over it.*

Upon the execution of a fourth mortgage upon certain premises, the beneficial owner of the first mortgage executed and delivered to the fourth mortgagee an instrument, under seal, whereby he covenanted and agreed that the fourth mortgage should have priority of lien before and over the first mortgage, as fully and to the same effect as if it had been previously executed and recorded.

*Held,* that the fourth mortgage, to the amount then due upon the first mortgage, thereby became a first lien upon the premises, and the priority thereby acquired by it over the second and third mortgages was not affected or lost by the subsequent payment or discharge of the said first mortgage.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The action was brought to foreclose two mortgages, which were owned by the plaintiff's testator at the time of his death.

In November, 1864, Lindley M. Ferris executed to the treasurer of Orange county his bond, conditioned to pay to the obligee $9,000, one year after his death, with interest from the time of his death, for the benefit of his three minor children, Gertrude C. Ferris, Caroline M. Ferris and William L. Ferris, Jr.,—one-third to each. This bond was secured by a mortgage upon certain lands, which were afterwards mortgaged to plaintiff's testator. This $9,000 was a trust fund, which Lindley M. Ferris had a right to the use of during his life. He also had about $1,500 of moneys which belonged to William L. Ferris, Jr., coming from his grand-

father's estate. In 1867 Lindley M. Ferris gave another mortgage upon the same lands to Garret B. Conklin for $2,000, and in 1869 he executed a third mortgage upon the same lands for $6,000, to Franck Taylor, the plaintiff's testator. The Conklin mortgage was assigned to Taylor at the same time. Prior to November, 1870, Gertrude C. Ferris and Caroline M. Ferris, two of the beneficiaries in the county treasurer's mortgage, released to Lindley M. Ferris all their rights therein. William L. Ferris, Jr., never released or discharged his interest in it. In November, 1870, Lindley M. Ferris, desiring some accommodation at the Farmers' and Manufacturers' Bank, gave to the said bank a mortgage upon these and other lands for $15,000, to secure the liabilities which he might incur to it. The bank, for the purpose of making its security greater, and as a condition of accepting the mortgage, required that the mortgage given to the county treasurer should be postponed to the bank mortgage. William L. Ferris, Jr., then the only beneficiary in the mortgage, being a minor, could not make a valid contract. An agreement in writing was then made between him, his father, and D. Colden Murray of the one part, and the said bank of the other part, by which it was stipulated that the said W. L. Ferris, Jr., on arriving at the age of twenty-one years, should execute to the said bank an instrument postponing the lien of the mortgage in which he had an interest to the lien of the bank mortgage. He became of age January 13, 1872, and on February 8, 1872, he did execute and deliver an instrument, under seal, by which he covenanted and agreed that the bank mortgage should have priority of lien before and above the mortgage given to the county treasurer, as fully and to the same effect as if it had been previously executed and recorded. Lindley M. Ferris died March 1, 1872, leaving a will, which was proved, and letters testamentary thereon issued to the executors. It was claimed that by various transfers of property and other acts of the parties, the county treasurer's mortgage was, thereafter and prior to the commencement of this action, paid and discharged.

*W. Farrington,* for the appellant.

*O. D. M. Baker,* for the respondent.

GILBERT, J.:

The important question in this case relates to the effect of the agreement, dated February 8, 1872, between William L. Ferris, Jr., and the Farmers' and Manufacturers' Bank. At that time there were three mortgages upon the premises mentioned in the complaint, one held by the county treasurer of Orange county for $9,000, on which $3,000 only was due. That was the first mortgage, and it was held only as security for moneys belonging to William L. Ferris, which had been deposited with the county treasurer, for investment, during the minority of said Ferris. Next in order of priority were the plaintiff's two mortgages, amounting together to $8,000. The mortgage to the bank is for $15,000, and it is junior in date to all the mortgages above referred to. There is due upon the latter mortgage $2,100 of principal only, and it is now held by the defendant Wing, by virtue of an assignment thereof to him, made by an assignee of the bank. One of the findings of the trial judge, is that William L. Ferris, by the agreement of February 8, 1872, covenanted and agreed that the mortgage to the bank have priority of lien above the said first-mentioned mortgage, as fully and to the same effect as if it had been previously executed and recorded. Nevertheless, he also found that the plaintiff's mortgages are a first lien upon the mortgaged premises. We think it was error to give to the plaintiff's mortgages priority of lien over the bank mortgage, held by Wing. No objection has been taken on the ground that the county treasurer was not a party to the agreement of February 8, 1872. He was a naked trustee only. William L. Ferris was the equitable owner of the mortgage held by the county treasurer, and entitled to an immediate assignment thereof, by reason of his having attained his majority. Ferris was, therefore, competent to discharge the mortgage debt, and, of course, to do the lesser act of making a junior mortgage a lien prior to that of the mortgage which was held for his benefit. The plaintiff, however, was not a party to the agreement by which such priority of lien was given. The agreement does not import, nor was the object of it to accomplish the postponement of a prior mortgage, but to insure the advancement of a junior one. The language used is significant. The mortgage to the bank was given

" priority of lien before and above the said first-mentioned mortgage, as if it had been previously executed and recorded." The new position which the bank mortgage was to take, in part, in marshalling the liens on the mortgaged premises, was thus plainly indicated. The bank mortgage, to the extent of the amount due on the first mortgage, was put in the place of the latter in the order of priority of lien, and thenceforward it became a first mortgage for that amount, but it remained a third mortgage in all other respects. In *Frost* v. *Yonkers Savings Bank* (70 N. Y., 553), there was an agreement between a judgment creditor, whose judgment was a first lien on premises which had been subsequently mortgaged four times, and the fourth mortgagee, by which the lien of the judgment was postponed and made subordinate to the lien of the fourth mortgage. It was held, that as between an assignee of the fourth mortgage, and a mortgagee whose lien was intermediate the judgment and the fourth mortgage, and who had purchased the mortgaged premises at a sale on execution issued upon the judgment, the agreement made the fourth mortgage the senior security, and that the assignee of the latter had a right to redeem the prior mortgage without redeeming the judgment. Such an adjustment of the liens is equitable. The liens of the plaintiff's mortgages are not affected by the application of such a rule, for the reason that the bank mortgage merely takes the place of the first mortgage, to the extent of the lien of the latter. Such priority of lien of the bank mortgage, followed the assignment thereof to Wing. (70 N. Y., *supra.*)

If these views are correct, Wing is entitled to a priority of lien over the plaintiff's mortgages, notwithstanding the fact found by the trial judge, that the mortgage to the county treasurer had been in legal effect paid before the assignment of the bank mortgage to Wing. ⎱ For such payment merely extinguished a lien which had become junior to those of the plaintiff's mortgages, but it had no effect upon the lien of the bank mortgage, which had obtained priority over such liens of the plaintiff. The bank mortgage having obtained priority by the agreement of February 8, 1872, no act without the assent of the bank or its assignee could change the priority thus acquired.

We need not examine the evidence to see whether the last-named finding is correct, because there must be a new trial for the error in according to the plaintiff's mortgages priority of lien over the bank mortgage held by Wing.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed, and new trial granted, with costs to abide event.